NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 21-9

SUCCESSION OF

TIMOTHY DUPRE MOSING

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 2008-0461
HONORABLE THOMAS R. DUPLANTIER, DISTRICT JUDGE

**********

BILLY H. EZELL

JUDGE

**********

Court composed of Billy H. Ezell, Candyce G. Perret and Sharon D. Wilson, Judges.

MOTION TO CONSOLIDATE DENIED.

**Jack Marks Alltmont**
**Sessions, Fishman & Nathan, L.L.C.**
**400 Poydras Street, Suite 2550**
**New Orleans, LA 70130**
**(504) 582-1500**
**COUNSEL FOR PLAINTIFFS/APPELLANTS:**
    **Carmen Bergeron Mosing, individually, and Midge Keller, as the tutrix of minor children, Chase and Chloe Mosing**

**Michael R. Allweiss**
**Lowe, Stein, Hoffman, Allweis & Hauver, L.L.P.**
**701 Poydras Street, #3600**
**New Orleans, LA 70139**
**(504) 581-2450**
**COUNSEL FOR PLAINTIFFS/APPELLANTS:**
    **Carmen Bergeron Mosing, individually, and Midge Keller, as tutrix of minor children, Chase and Chloe Mosing**

**Richard Charles Stanley**
**Eva J. Dossier**
**Stanley, Reuter, Thornton & Alford, L.L.C.**
**909 Poydras Street, Suite 2500**
**New Orleans, LA 70112**
**(504) 523-1580**
**COUNSEL FOR PLAINTIFFS/APPELLANTS:**
    **Carmen Bergeron Mosing, individually, and Midge Keller, as tutrix of minor children, Chase and Chloe Mosing**

**Max N. Tobias Jr.**
**Liska, Exnicios & Nungesser**
**1515 Poydras Street, Suite 1400**
**New Orleans, LA 70112**
**(504) 410-9611**
**COUNSEL FOR PLAINTIFFS/APPELLANTS:**
    **Carmen Bergeron Mosing, individually, and Midge Keller, as tutrix of minor children, Chase and Chloe Mosing**

**Jeffrey K. Coreil**
**Frank X. Neuner, Jr.**
**Neuner Pate**
**1000 West Pinhook Road, Suite 200**
**Lafayette, LA 70503**
**(337) 237-7000**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
    **Frank's Casing Crew & Rental Tools,Inc.**
    **Frank's International, LLC**

**Daniel J. Finch**
**Randazzo, Giglio & Bailey, L.L.C.**
**900 East St. Mary Blvd, Suite 200**
**Lafayette, LA 70503**
**(337) 291-4900**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
**Sharon Mosing Miller**

**Gary McGoffin**
**Durio, McGoffin, Stagg & Ackermann**
**220 Heymann Boulevard**
**Lafayette, La 70503**
**(337) 233-0300**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
**Michael Frank Mosing**
**Steven Brent Mosing**

**EZELL, Judge.**

Defendants-Appellees, Steven Brent Mosing (Brent) and Michael Frank Mosing (Mike), filed a motion to consolidate the instant appeal (the Damages Action) with consolidated appeals, docket numbers 20-632 and 20-633 (the Annulment Action). For the following reasons, we deny the motion to consolidate.

The instant appeal arises from the death of Timothy Mosing who passed on April 1, 2008. In 2018, Mr. Mosing's surviving spouse, as tutor for their two minor children, filed a claim for damages in the succession against her late husband's sister, the Independent Administrator of the succession. In 2019, the petition was amended to join Mr. Mosing's two brothers, Brent and Mike.

Defendants-Appellees argue that there is a single transaction underlying the Damages Action and the Annulment Action—the 2008 dation of Frank's Casing Crew stock shares on behalf of the minors to Sharon Mosing Miller, Brent, and Mike, in satisfaction of their loan of $1.65 million to the Mosing Succession to satisfy its IRS tax obligation. The dation was confirmed in the Homologation of the Independent Administrator's final accounting on March 19, 2019. Defendants-Appellees conclude that the three appeals concern the same parties, arise out of the same case, concern the same transaction, and will require reference to all three records for a complete adjudication.

Plaintiffs-Appellants, Carmen Bergeron Mosing, individually, and Midge Keller, as tutrix of minor children, Chloe Bella Mosing and Chase Dupre Mosing, assert that this court correctly consolidated docket numbers 20-632 and 20-633, the Annulment Action, because both appeals are from the same district court case and arise from the same Petition to Annul Judgment of Homologation. Also, both

appeals involve allegations of ill practice that occurred in 2019 and 2020 and concern judgments entered by the Honorable Laurie A. Hulin on July 2, 2020.

In contrast, Plaintiffs-Appellants aver, the motion to consolidate the instant appeal, the Damages Action, with the two consolidated appeals is subject to two fundamental errors. First, the instant appeal is the subject of a separate district court case, different operative pleadings, and different operative facts which occurred about a decade prior to those at issue in the Annulment Action. Further, the instant appeal concerns a judgment entered by the Honorable Thomas Duplantier on August 19, 2020, following an entirely separate hearing from the one in the Annulment Action. In short, Plaintiffs-Appellants conclude that the Damages Action and the Annulment Action were based on different facts and proceeded entirely separate in district court from the beginning to the end.

Second, Plaintiffs-Appellants argue that the motion to consolidate comes too late. Plaintiffs-Appellants state that they suggested consolidation of the matters when the parties were in district court. Defendants-Appellees, however, repeatedly refused to agree to consolidation, resulting in the development of two entirely separate records for separate cases which now present different sets of legal issues on appeal. Plaintiffs-Appellants urge that Defendants-Appellees should not now be allowed to "reverse course" and potentially prejudice Plaintiffs-Appellants, especially since Defendants-Appellees waited until after Plaintiffs-Appellants submitted their briefs in these separate appeals, addressing two distinct sets of legal issues. The briefing deadlines, Plaintiffs-Appellants point out, were known to Defendants-Appellees, yet they waited until after the deadlines passed to file their motion.

Plaintiffs-Appellants state that they have no objection to the appeals proceeding before the same panel but urge there is no need to conflate the briefing and records at this late stage. Doing so, Plaintiffs-Appellants aver, would confuse the issues on appeal and potentially prejudice them. Plaintiffs-Appellants add that the need to reference all three records for a complete adjudication can be accomplished without the need for consolidation. Pursuant to Uniform Rules—Courts of Appeal, Rule 2-1.14 provides that "[a]ny record lodged in this court may, with leave of court, be used, without necessity of duplication, in any other case on appeal or on writ."

Although the Damages Action and the Annulment action originate from the same district court case and arise from the same Petition to Annul Judgment of Homologation, we find that the instant appeal, known as the Damages Action, involves a separate district court case, different operative pleadings, and different operative facts from the consolidated appeal cases known as the Annulment Action. Additionally, at this late date in the appellate process, we find that the consolidation of the cases may potentially prejudice Plaintiffs-Appellants who have already submitted appellate briefs in both appeals. Accordingly, we deny the motion to consolidate.

**MOTION TO CONSOLIDATE DENIED.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2-16.3.

3